IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ANNORA PHARMA PRIVATE LIMITED *et al.*, <br><br> *Defendants*. | Civil Action <br><br> No. 21-cv-196 |

## ORDER

**AND NOW**, this 11th day of January, 2023, upon consideration of Plaintiff's Motion to Strike and for a Protective Order (ECF No. 153), and the responses and replies thereto, I find as follows:

1. Plaintiff's request to strike Defendants' contention interrogatory response is denied as moot. In their amended contention interrogatory response and letter to this Court, Defendants have clearly represented that they will not pursue the defenses of patent misuse, unclean hands, and antitrust violations. (ECF No. 164.) Despite these representations, Plaintiff still presses this issue and requests that I strike Defendants' interrogatory response. The parties are advised to carefully consider whether a dispute requires the Court's attention before filing a motion.

2. Plaintiff's request for a protective order will be denied as to discovery directed to Plaintiff personally because Plaintiff does not identify any specific item of discovery it objects to answering. Plaintiff only refers generally to discovery related to patent misuse, unclean hands, and antitrust violations. As set forth above, Defendants have represented that they will not pursue discovery related to those defenses.

1

3.     It is unclear whether Plaintiff has standing to challenge Defendants' subpoenas to third parties. "Generally, only the party or person to whom [a] subpoena is directed has standing to move to quash or otherwise object to [it]." Adesanya v. Novartis Pharms. Corp., No. 13-cv-5564, 2015 WL 7574362, at *2 (D.N.J. Nov. 24, 2015). A party may move to quash a third-party subpoena if it can claim "a 'personal right' or 'interest' in the subject matter of the subpoena." Green v. Cosby, 216 F. Supp. 3d 560, 564 (E.D. Pa. 2016). Plaintiff's motion does not explain how it has a personal right or interest in Defendants' subpoenas.

4.     Plaintiff cites cases where courts have precluded patent litigants from seeking discovery from their adversaries' customers. See, e.g., Joy Techs. v. Flakt, Inc., 772 F. Supp. 842, 849 (D. Del. 1991). But Plaintiff does not say whether the basis for those decisions—preventing competitors from harassing each other's customers—applies here. See id. And it appears that Defendants have not subpoenaed Plaintiff's customers.[1]

5.     I will therefore deny without prejudice Plaintiff's request for a protective order as to Defendants' third-party subpoenas. Should Plaintiff wish to pursue this matter, further briefing as to whether Plaintiff has standing to object to the subpoenas will be necessary as follows.

**WHEREFORE**, it is hereby **ORDERED** that:

6.     Plaintiff's Motion to Strike and for a Protective Order (ECF No. 153) is **DENIED** as to Plaintiff's request to strike Defendants' interrogatory response, **DENIED** as to Plaintiff's request for a protective order relating to discovery directed to Plaintiff, and **DENIED WITHOUT PREJUDICE** as to Plaintiff's request for a protective order relating to Defendants' third-party subpoenas.

---

[1] I also note that Plaintiff has not suggested any reason why the subpoenaed third parties cannot protect their own interests by moving to quash any subpoenas they object to.

2

7. By **January 25, 2023**, should Plaintiff wish to pursue this issue, Plaintiff shall file a brief, not exceeding five (5) pages, explaining, with particularity, how each item of discovery requested by Defendants' third-party subpoenas affects Plaintiff.

8. Defendants may file a brief in response, not exceeding five (5) pages, by **January 30, 2023**.

                                **BY THE COURT:**

                                */s/ Mitchell S. Goldberg*
                                **MITCHELL S. GOLDBERG, J.**