IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AZURITY PHARMACEUTICALS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-196 (MSG) |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED | ) | **REDACTED –** |
| and CAMBER PHARMACEUTICALS, INC. | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE
INTERROGATORY RESPONSE AND FOR A PROTECTIVE ORDER**

OF COUNSEL:

Wendy L. Devine
Kristina M. Hanson
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000

Natalie J. Morgan
Evan Sumner
Granville C. Kaufman
WILSON SONSINI GOODRICH & ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
(858) 350-2300

Ty W. Callahan
WILSON SONSINI GOODRICH & ROSATI, P.C.
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
(323) 210-2900

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff Azurity
Pharmaceuticals, Inc.*

**Original Filing Date: January 9, 2023**
**Redacted Filing Date: January 30, 2023**

Dear Judge Goldberg:

Defendants' opposition to this motion is yet another shift in Defendants' constantly shifting attempts to justify improper and harassing discovery. Faced with the fact that Defendants do not have any unclean hands defense—because they did not plead one—they have now withdrawn that assertion and come up with yet another purported basis for demanding irrelevant discovery. Defendants' removal of the phrase "unclean hands" from their improper interrogatory response does not render it proper and does not justify their pursuit of irrelevant discovery.[1] Defendants still have not tied the substance of their interrogatory responses or discovery requests to any claim or defense in this case.

Defendants have been pursuing irrelevant discovery from Azurity for months (requiring several letters and telephone calls), with the only justification being that it somehow relates to an unclean hands defense that they never pled and that they now admit is not part of this case. Azurity repeatedly reminded Defendants that there was no such defense in this case, yet Defendants did nothing to attempt to plead or otherwise articulate such a defense until the December 2022 interrogatory response that is the subject of this motion. D.I. 154, Ex. A. Until Defendants' supplemental interrogatory response, Azurity had nothing to strike, and Azurity acted promptly after receiving that interrogatory response.

After receiving Azurity's motion to strike, Defendants served a new version of that interrogatory response in which they did nothing more than delete the sentence containing the words "unclean hands." Ex. A. Changing positions yet again, Defendants now assert that their hunt for irrelevant information somehow relates to invalidity and an injunction. *See id.* As discussed in Azurity's moving letter (and not addressed by Defendants), the allegations in Defendants' interrogatory response are meritless and legally deficient. D.I. 154 at 1-2. These are not invalidity or noninfringement positions and Defendants do not attempt to explain or identify any invalidity theory their interrogatory response supposedly relates to.

Defendants' assertion that the interrogatory response relates to information relevant to Azurity's request for an injunction is also inaccurate. If Azurity wins, the Court "shall order the effective date of any approval of the drug . . . to be a date which is not earlier than the date of the expiration of the patent which has been infringed." 35 U.S.C. §271(e)(4)(A); see also D.I. 119 (seeking an injunction under 35 U.S.C. 271(e)(4)(A) against Annora and Camber). This remedy is automatic, does not require a balancing of the equities, and applies even though Defendants launched at-risk. *In re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1367-68 (Fed. Cir. 2008) ("If the FDA has already approved the ANDA, the district court's order would alter the effective date of the application, thereby converting a final approval into a tentative approval."). Thus, if Azurity wins, Defendants' ANDA product will not have FDA approval. Far from indicating that a balance of equities is required as a remedy under 35 U.S.C. § 271(e)(4)(A), the case law Defendants rely upon notes that "§§ 271(e)(4)(A) and (B) are two different remedies" and recognizes "the mandatory language of § 271(e)(4)(A)." *Pfizer Inc. v. Apotex, Inc.*, 731 F. Supp. 2d 754, 761-62 (N.D. Ill. 2010). The only context in which Defendants' reliance on *In re Gabapentin*, 648 F. Supp. 2d 641, 651 n.20 (D.N.J. 2009) is relevant is if Defendants are planning to continue to sell a product that is not FDA approved. While Defendants did not respond to Azurity's request that they confirm that they would not sell a product that does not have FDA approval (Ex. B), it is extremely unlikely that an established pharmaceutical company would engage in such conduct. Assuming Defendants do not intend to sell a product without FDA approval, no injunction beyond

---

[1] Defendants' letter interjects mischaracterizations of different discovery disputes and their status. Whether or not there are other discovery disputes is irrelevant to the issues in this motion. Should Defendants ever raise such discovery disputes, Azurity will respond.

The Honorable Mitchell S. Goldberg
January 9, 2023

the automatic revocation of FDA approval is necessary and thus there is no injunction-based basis for this discovery.

The subpoenas discussed in Azurity's motion are a furtherance of this ongoing strategy of harassment as the information that they seek is not relevant to any claim or defense actually pled in this case. Accordingly, Azurity requests the Court issue a protective order. *See Chazanow v. Sussex Bank*, C.A. No. 11–1094 (CCC), 2014 WL 2965697 at *2 (D.N.J. July 1, 2014) ("Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b)."). Defendants' justification for these subpoenas is another moving target. First, they claimed that the subpoenas were relevant to unclean hands. Now that Defendants have deleted "unclean hands" from their interrogatory response, Defendants vaguely assert that the subpoenas are relevant to "damages" or "liability".[2] Defendants' theory for "damages" is that requested documents will show that Bionpharma's product was on the market and available. D.I. 164 at 4-5. Putting aside the fact that Azurity has already produced information showing such sales and when the Bionpharma product entered the market and that the information sought is public sales of a product by *Bionpharma* (which did not receive a subpoena), Defendants' justification does not match the actual document requests that they served. Those requests seek: from CoreRx and NovaQuest, (a) **correspondence** between Azurity, NovaQuest, and CoreRx relating to Bionpharma or any other generic (Exs. C & D); (b) documents regarding NovaQuest's acquisition of CoreRx (Ex. D); and from NovaQuest additionally (c) documents regarding infringement or validity of **nine patents** (of which only two are at issue here) and **any product**. Finally, as to the suggestion that the requested documents are relevant to a reasonable royalty analysis, a hypothetical negotiation takes place between the parties in the litigation, not third parties and none of the subpoena requests are directed to any of the *Georgia-Pacific* factors. *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970). In sum, putting aside that Defendants' justification for the subpoenas is ever-changing, Defendants' current justification is flawed and conclusory.

Defendants' argument that this motion violates Paragraph 8(h) of the Scheduling Order is a red herring: it was properly filed under Paragraph 10 of the Scheduling Order. D.I. 154; *Helios Software LLC v. SpectorSoft Corporation*, C.A. No. 12-81-LPS, D.I. 545 (D. Del. Apr. 24, 2015) (Judge Stark, whose form scheduling order this case is operating under, granting a motion to strike and for a protective order) (Exs. E & F). It is one motion that seeks two forms of relief. Additionally, as part of the meet and confer process, Plaintiff informed Defendants that they would move to strike and for a protective order if Defendants did not withdraw the interrogatory responses and the related subpoenas. Defendants refused.

Finally, Defendants' standing argument is wrong. Azurity moved to strike the interrogatory response regarding unpled defenses and for a protective order on any related discovery. Defendants' persistent harassment of Azurity and attempt to increase litigation costs is impermissible regardless of the vehicle by which Defendants seeks this discovery. Courts in this district have granted motions for protective orders where, as here, good cause exists to grant such motions. *See FG v. Xilinx*, C.A. No. 20-601, D.I. 150 at 5-10 (D. Del. April 11, 2022) (Ex. G); *see also Joy Techs. v. Flakt, Inc.*, 772 F.Supp. 842, 849 (D. Del. 1991).

Azurity respectfully requests that the Court grant Azurity's motion.

---

[2] As discussed above, Defendants have provided no basis to link these theories (and any documents related to them) to invalidity. Defendants also appear to agree that they are not relevant to infringement. See D.I. 164 at 3 n.2.

The Honorable Mitchell S. Goldberg
January 9, 2023

                                                Respectfully,

                                                */s/ Megan E. Dellinger*

                                                Megan E. Dellinger (#5739)

MED/bac
Attachments

cc:      All Counsel of Record (via electronic mail; w/attachments)