# EXHIBIT 2



Todd Werner
612.895.2722
werner@avantechlaw.com

July 19, 2022

*Via Email*

Natalie Morgan
Wilson Sonsini Goodrich & Rosati
12235 El Camino Real
San Diego, CA 92130-3002
Email: nmorgan@wsgr.com

Re:  *Azurity Pharms., Inc. v. Annora Pharma Priv. Ltd. et al.*, No. 21-cv-196, D. Del. (MSG)

Dear Ms. Morgan:

I write to address certain deficiencies with respect to Azurity's responses to Annora's and Camber's ("Defendants") Third Set of Requests for Production (Nos. 48-78) and Second Set of Interrogatories (Nos. 6-10).

**1.  General Objections**

With respect to Azurity's general objections to the Third Set of Requests for Production, it is our understanding that Azurity interprets the generic product currently being marketed by Amneal as an Authorized Generic Enalapril product.  If that is incorrect, please let us know.

With respect to Azurity's objection to the term "Bionpharma's ANDA Product," we are unclear what is ambiguous about our definition.  It appears Azurity is interpreting that term as encompassing the ready-to-use enalapril product currently marketed by or on behalf of Bionpharma.  If that is incorrect, please let us know.

In response to nearly all of Defendants' production requests, Azurity responds that it will produce "relevant" documents, without specifying the extent to which documents might be withheld on the basis that they are allegedly irrelevant.  We trust Azurity will produce the full scope of documents stated in its response and is not withholding any documents falling within that scope for "relevance."  If that is incorrect, please let us know.

Natalie Morgan
July 19, 2022
Page 2



### 2. Market Analysis and Projections (48, 50[1], 51[2], 67[3])

Azurity agrees to produce documents sufficient to show sales and market share of different enalapril products. Request Nos. 48, 50, and 67 are not limited to documents "sufficient to show," and it is unclear how an incomplete production would be "sufficient to show" Azurity's analysis of the market share as such analysis would not be limited to raw data but to analysis of such data. Further, Request Nos. 48, 50, and 67 encompass projections and it does not appear Azurity has agreed to produce them. These documents are plainly relevant to damages, as well as secondary considerations. Please confirm that Azurity will produce all market-share analysis and projections for any ready-to-use oral solution of enalapril, including but not limited to analysis of the impact of the entry of such a product on the market.

With respect to Request No. 51, which seeks information about Azurity products other than Epaned, Defendants will agree to drop that request if Azurity agrees not to advance any arguments, such as for damages or in support of injunctive relief, related to any such products. Defendants note that Azurity previously made arguments involving such other products at the preliminary injunction stage. If Azurity refuses to agree to refrain from making any such arguments, then Azurity must produce documents responsive to Request No. 51.

### 3. Financial Analysis and Projections (49, 55, 56)

Thank you for confirming that Azurity will produce documents sufficient to show sales, costs, and profits for Epaned in response to Request No. 49. We will review this information and let you know if further documents or support relating to these financial topics are required.

As with others addressed previously, these requests encompass projections that Azurity has not agreed to produce. Here again, these documents are highly relevant to damages and secondary considerations. Please confirm that Azurity will produce "all financial analyses and projections for any ready-to-use oral solution of enalapril."

With respect to Request Nos. 55 and 56, thank you for confirming that Azurity will produce the requested sales, pricing, and cost information from 2016 to present. We note that our request sought this information from 2015 to the present. We will consider whether we need information from 2015 after reviewing your production. Request No. 56 also seeks projections of revenues,

---

[1] All documents relating to the impact of any ready-to-use oral solution of enalapril (other than Epaned) on the sales, price, or market share of Epaned.

[2] All documents relating to any discussion, analysis, or expectation of the impact of any ready-to-use oral solution of enalapril on the marketing or sale of any of Azurity's products other than Epaned.

[3] All documents related to the impact of Generic Enalapril on the market for enalapril products, Epaned, and/or Authorized Generic Enalapril . . . .



costs and profits. This information is relevant for the same reasons set forth previously. Please confirm Azurity will produce such projections.

### 4. Plans for Commercialization and Sale of Ready-to-Use Enalapril Product (52)

Documents concerning Azurity's plans to commercialize and/or sell a ready-to-use enalapril product are relevant to both a reasonably royalty analysis for damages and secondary considerations. For example, with respect to secondary considerations, Plaintiffs have alleged commercial success, which makes the comparison of actual results compared to projections relevant to that issue. Please confirm Azurity will produce the full scope of requested documents.

### 5. Promotion, Marketing, Detailing, and Advertisement of Epaned (53)

Azurity only agreed to produce "relevant, non-privileged documents and things sufficient to show Azurity's general promotion and marketing of Epaned." It is unclear whether Azurity is refusing to produce any documents responsive to this request. If so, Azurity's response is deficient as documents concerning the promotion, marketing, detailing, and advertisement of Epaned are, at a minimum, relevant to obviousness, including but not limited to unexpected results and commercial success. For example, the documents would show whether any alleged benefits or advantages of the claimed invention relative to the prior art have been referenced in any product literature, which would inform the inquiry for unexpected results and commercial success (including whether sales of Epaned have a nexus to the claimed invention). Further, to the extent Azurtity has expended significant effort in promoting and detailing Epaned, as Azurity suggested at the preliminary injunction stage, such efforts would also inform the commercial success inquiry. Please confirm that Azurity will produce the full scope of requested documents.

### 6. Pricing Strategy (54)

It appears Azurity has only agreed to produce documents sufficient to show the pricing of its product, but not documents reflecting the strategy and analysis underlying such pricing. Such documents are relevant to unexpected results and commercial success, as well as damages, for example, by addressing the impact of other competing products on the sales of Epaned. Please confirm Azurity will produce the full scope of requested documents.

### 7. Purchase Orders and Sales Agreements (57)

Azurity has refused to produce offers to sell, offers to purchase, purchase orders and sales agreements for Epaned. This information is relevant to damages because, for example, it would reflect whether any Defendants' customers were previously customers of Azurity and/or would have purchased Epaned "but for" Defendants sale of the Annora ANDA Product. Please confirm Azurity will produce this information.

Natalie Morgan
July 19, 2022
Page 4



### 8. Communications with Epaned Customers (58)

Azurity has refused to produce any communications with actual or prospective customers, which would encompass communications concerning positive and negative properties of Epaned. despite seeking similar information from Defendants.  See, e.g., Req. Nos. 74 and 75 to Defendants.  Azurity must reconcile its position on the relevance and discoverability of this information.

### 9. Distribution Channels (59)

Azurity refuses to produce documents identifying the distribution channels for Epaned while demanding the same information from Defendants (who already agreed to produce documents sufficient to identify their customers).  See, e.g., Req. No. 71.  Azurity must reconcile its position on the relevance and discoverability of this information.  At a minimum, Azurity should confirm it will produce documents sufficient to identify the customer underlying each order of its ready-to-use enalapril products.

### 10. Documents Sufficient to Show All Actual and Projected Costs (60, 61)

Request No. 60 seeks documents sufficient to show all actual and projected costs relating to Epaned, on a quarterly and annual basis, from 2015 to present, including any fixed costs.  Request N0. 61 similarly seeks documents sufficient to show any incremental costs associated with Epaned.  Documents sufficient to show all costs is necessary to address any alleged lost profits and must be produced.  Please confirm Azurity will be producing documents sufficient to show all costs (whether incremental, fixed, or other) associated with development, manufacture, marketing, advertisement, promotion, and/or sale of Epaned.

With respect to projections, such documents are relevant to several different aspects of any alleged damages in this case.  Please confirm Azurity will be producing documents sufficient to show such projections.

### 11. Settlement, Supply, and License Agreements (62, 74)

Azurity has only agreed to produce "final executed agreements that include a license to the Asserted Patents."  This is inadequate.  All the requested agreements are relevant to damages (both lost profits and reasonable royalty) and secondary considerations, such as commercial acquiescence (vel non).   Please confirm that Azurity will produce the requested agreements regardless of whether they include a license to the Asserted Patents.  We have already conferred with respect to the agreements with Amneal, and absent an immediate change in Azurity's position we will be moving to compel.

Natalie Morgan
July 19, 2022
Page 5



    Request No. 74 seeks all license agreements involving a Related Patent (in addition to the Asserted Patents), as well as communications related to failed license negotiations. Azurity refuses to produce such licenses and correspondence. But such licenses and correspondence, at a minimum, relate to the reasonable royalty inquiry. Please confirm Azurity will produce all licenses and communications responsive to Req. No. 74.

### 12. Established Royalty Rates (63, 64, 65, 68)

    Azurity has only agreed to "produce final executed agreements that include a license to the Asserted Patents," but these requests are broader, extending to any agreements or arrangements reflecting a royalty rate for (1) any patents or trade secrets directed to an enalapril product, (2) any patent(s) or trade secret(s) that is reasonably comparable to an invention covered by a claim in a Patent-in-Suit or any Related Patent, and (3) any patent(s) or trade secret(s) directed to a new formulation or reformulation of a commercially available drug product. Request No. 68 seeks all agreements related to the supply of an AG enalapril product. These requests are specifically tailored to documents relevant to the reasonable royalty inquiry. They are also relevant to the availability of non-infringing alternatives. Please confirm all requested documents will be produced.

### 13. CoreRx and Azurity (66)

    Request No. 66 seeks all communications between any personnel and agents of Azurity and CoreRx related to enalapril or Bionpharma. Any such communications would relate to, for example, damages and Defendants' unclean hands defense. Please confirm all the requested communications will be produced.

### 14. Launch of AG (69, 70, 71, 72)

    Azurity refuses to produce "all documents related to strategies, plans, or decisions to launch (or permit the launch of) an Authorized Generic Enalapril, including but not limited to strategies, plans, or decisions whether and when to begin marketing Amneal's Authorized Generic Enalapril." Azurity also refuses to produce "all documents related to any analysis of the launch of an Authorized Generic Enalapril on the market for ready-to-use oral solutions of enalapril and/or Epaned, including but not limited to any consideration of the impact of the launch of Amneal's Authorized Generic Enalapril on the market for Epaned." This information relates to the availability of non-infringing alternatives, reasonable royalty, lost profits, and unclean hands. Please confirm these documents will be produced.

    Azurity also refuses to produce "all communications with Amneal related to the launch of Bionpharma's ANDA Product" and "communications with Amneal related to the prospective or actual launch of Amneal's Authorized Generic Enalapril, including but not limited to the decision to launch Amneal's Authorized Generic Enalapril after the commercial launch of Bionpharma's

Natalie Morgan
July 19, 2022
Page 6



ANDA Product." See Req. Nos. 71-72. This information also relates to the availability of non-infringing alternatives, reasonable royalty, lost profits, and unclean hands (particularly because the timing of the Amneal launch of its AG after Bionpharma launched its ANDA product was delayed). Please confirm these documents will be produced.

### 15. Launch of AG (75)

Azurity refuses to produce "all documents concerning any valuations" of the Asserted Patents and Related Patents. This information would inform the reasonable royalty negotiation. Moreover, this information is of an economic, not legal, nature. To the extent such documents are privileged they may be described in a privilege log or must be produced..

### 16. CoreRx Acquisition (76)

Azurity refuses to produce "all documents related to any valuations of CoreRx, Inc. or the impact of the acquisition of CoreRx, Inc. on the market for ready-to-use enalapril oral solution products." This information relates to damages, Defendants' unclean hands defense, and potentially an antitrust counterclaim. Please confirm it will be produced.

### 17. Physician Feedback (77, 78)

Azurity refuses to produce documents relating to the reasons why a physician has or may prescribe Epaned or generic versions thereof. This information relates to unexpected results, industry acclaim, long-felt need, as well as damages. Please confirm Azurity will produce the full scope of documents sought in Req. Nos. 77 and 78.

### 18. Interrogatory Responses

Defendants will wait to resolve any concerns with responses under Rule 33(d). Nevertheless, there are some concerns that warrant discussion at this time.

With respect to Interrogatory No. 7 concerning Azurity's basis for seeking lost profit damages, and Interrogatory No. 8[4] focused on the impact of Authorized Generic Products on the availability of lost profits, Azurity's responses are deficient. First, Amneal's licensed product does not eliminate it as an option for consumers; rather, it confirms a reasonable royalty is appropriate. Please explain your basis for suggesting Azurity is entitled to lost profits despite having licensed its patents to a direct competitor who has a directly interchangeable product available to the same customers as Defendants. Second, Annora does not agree that Bionpharma's ANDA product

---

[4] Defendants assume the reference to Alkem's Authorized Generic in response to Interrogatory No. 8 was a typographical error and Azurity intended to refer to Amneal. If not, please let us know and promptly produce the underlying agreements.

Natalie Morgan
July 19, 2022
Page 7



infringes any valid patents.  Please clarify which patents you contend and infringed by Bionpharma's ANDA product, as well as your contentions as to the validity of those patents.  The requested information is not expert discovery, and prematurity objections are not a legitimate basis for withholding facts and contentions.  Please confirm you will provide a supplemental response that addresses these issues.

With respect to Interrogatory No. 9, there are numerous deficiencies that Defendants will address after Azurity's document production and supplemental interrogatory responses.  For the time being, however, Defendants are entitled to know the date of first sale of each ready-to-use oral enalapril product according to Azurity.  Please confirm Azurity will promptly supplement its response to provide this information.

With respect to Interrogatory No. 10, Azurity's response is deficient.  First, this interrogatory requires the identification of "all agreements relating to any rights to make, use, sell, offer for sale, and/or import an enalapril ready-to-use oral solution."  Azurity's response references a portion of an agreement, without identification of all of the interrelated agreements that are part and parcel of that agreement.  We have discussed this issue on numerous occasions, and Azurity's attempts to suggest the incorporated, cross-referenced, and simultaneously executed agreements with Amneal are not discoverable, to the point that Azurity is not even required to note their existence in its interrogatory response, is improper.  Please confirm Azurity will identify all the requested agreements, including any agreements with any other parties, such as (but by no means limited to) the agreement Azurity executed with its sister corporation, CoreRx.

Best regards,

Todd Werner