# EXHIBIT 7

| | |
|---|---|
| **From:** | Kaufman, Granville |
| **To:** | Todd Werner; Nicholas Talarowski; Steve Brauerman; William Woodford; Ronald Golden |
| **Cc:** | Dellinger, Megan E.; WSGR - Silvergate - Annora RTU Epaned |
| **Subject:** | RE: Azurity v Annora: Azurity Discovery Positions |
| **Date:** | Friday, September 9, 2022 5:52:43 PM |

Hi Todd,

We write to follow up regarding the 8/24/2022 meet and confer relating to Annora's July 19 and July 21 letters.

**Req. Nos. 2-7**: Azurity has no dispute with the production of such documents, and as explained in our prior correspondences, believes that these documents have already been produced.  If Annora believes something in particular is missing, please flag it so we may investigate.

**Req. Nos. 18, 19, 44-46**: Azurity's stance is unchanged as it relates to the production of documents from prior cases, *i.e.*, invalidity documents have been or will be produced but infringement documents will not as they are irrelevant and protected by confidentiality obligations. Amneal and Bionpharma's withdrawal of the original objection and agreement to produce a limited subset of documents, including the trial transcripts, post-trial briefs and decisions, and **Plaintiff's** discovery responses, was not an agreement to allow for wholesale production of their confidential information. Nevertheless, Azurity has emailed Bionpharma, Amneal, and Alkem to see if they would be amenable to Azurity producing the expert reports related to infringement and unredacted depositions of the Azurity experts in those Epaned® litigations and have requested a response by no later than Friday, September 16.

**Req. No. 20:** We can confirm that no other agreements are responsive to this request.

**Req. No. 32-33**: We can confirm that NovaQuest did not exchange information with Silvergate relating to the Asserted Patents or litigations.

**Req. Nos. 51:** Azurity does intend to preserve the right to make such arguments but, to the extent such arguments are made, Azurity will produce documents relevant to Azurity's analysis.

**Req. No. 52:** Azurity confirms that it has produced documents relevant to this request. For example, Azurity has produced pre-IND meeting minutes which demonstrate Azurity's assessment of the market for an RTU enalapril product. To the extent Annora believes that Azurity's production is deficient, we can discuss further.

**Req. No. 53:** Azurity confirms that documents relating to marketing have already been produced, including documents relating to marketing, detailing, and the advertisement of Epaned®. If Annora disagrees that such documents have been produced, please confirm and indicate why Annora believes the production is deficient.

**Req. No. 54:** If such documents relating to pricing strategy exist, Azurity will produce them.

**Req. Nos. 62, 74:** Azurity agrees that parties are at an impasse. Azurity further represents that other than the Amneal agreement, no other licensing agreements exist.

**Req. Nos. 63-65, 68:** The agreement with Amneal is the only agreement that reflects a royalty rate for (1) any patents directed to an enalapril product, (2) any patent(s) that is reasonably comparable to an invention covered by a claim in a Patent-in-Suit or any Related Patent, and (3) any patent(s) directed to a new formulation or reformulation of a commercially available drug product.

**Req. No. 66:** Azurity will not produce these documents as they are irrelevant. To the extent Annora does not withdraw its request, the parties are at an impasse.

**Req. Nos. 69-72:** Azurity disputes the relevance of these documents and further disputes that unclean hands is at issue in this case. Thus, Azurity will stand on its objections and not produce documents responsive to this request.

**Req. Nos 75**: Azurity confirms that no such valuations took place, either before the launch of the AG or before the acquisition into Azurity, or at any other time.

**Req. No. 76:** Azurity maintains that these documents are irrelevant and further disputes that unclean hands is at issue in this case. Thus, Azurity will stand on its objections and not produce documents responsive to this request.

**Interrogatory Nos. 7 & 8**: Azurity maintains its position that whether a product—including an authorized generic—is a non-infringing alternative is the subject of expert discovery. Nonetheless, Azurity will supplement as fact discovery progresses.

Regards,

**Granville Clay Kaufman | Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Tuesday, September 6, 2022 1:58 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity v Annora: Azurity Discovery Positions

EXT - werner@avantechlaw.com

---

Counsel:

We were told to expect a response by the middle of last week, but have not heard back.  Please let us know when we will receive a response so that we can resolve these issues and/or raise them with the Court.

**Todd Werner**

> AVANTECH LAW

werner@avantechlaw.com
LinkedIn | Bio

**From:** Todd Werner
**Sent:** Thursday, August 25, 2022 5:16 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** Azurity v Annora: Azurity Discovery Positions

I write to follow-up on our meet and confer yesterday addressing Annora's concerns with Azuity's discovery responses as set forth in Annora's July 19 and 21 letters.  During the call, Annora first reiterated that to the extent any statements concerning its understanding of Azurity's positions as set forth in those letters is inaccurate, then Azurity should let Annora know.  Thereafter, the parties discussed the following discovery requests:

**Req. Nos. 2-7**:  Annora explained that it was seeking confirmation that Azurity's production does or will include any documents created after April 21, 2020 relating to any data submitted during prosecution of the Related Patents, as well as the file histories of the Asserted Patents.  Please confirm if Azurity has any dispute with the production of such documents.

**Req. Nos. 18, 19, 44-46**:  With respect to the chart on p. 3 of my July 21 letter, Azurity indicated it has or will produce all of the requested documents with respect to invalidity, but was not in position to produce documents related to infringement based on third-party confidentiality concerns.  Azurity further indicated it would provide the status of the production of the documents it has thus far agreed to produce.

With respect to infringement-related documents, Annora reiterated that it does not believe there is any legitimate basis for any third party, particularly Amneal and Bionpharma, to oppose production of documents based on any confidentiality concerns related to product formulation.  When asked to confirm it had reached out to Amneal, Azurity confirmed that it spoke with Amneal about production of the Supply Agreement but was unable to confirm whether it had done so with respect to the other documents, e.g. documents  concerning infringement that might related to product formulations.  Azurity was also unable to confirm whether it had reached out to Bionpharma, Amneal, or Aurobindo about any documents.  Annora has been patient on this issue, but it cannot wait for resolution any further.  (We note we have also requested the production of correspondence

with these third parties concerning this issue, as well as an explanation why any confidentiality concerns have not been waived and are not adequately protected by Annora's agreement to keep such documents on an outside counsel only basis, but have not received anything in response to these requests.)

We did not discuss the issue on the call, but Annora also reserves the right to seek the reproduction of any documents that have been redacted on the basis of third-party confidentiality( such as with respect to the First Wave Trial transcripts as explained in footnote 1 of our July 21 letter).

**Req. No. 20**: Azurity confirmed that based on Amneal's confidentiality objection, it will not agree to produce the Supply Agreement. Annora will be moving to compel the production of the agreement and related correspondence. To the extent there are any additional settlement or license agreements related to the Asserted or Related Patents, please confirm they will be produced.

**Req. Nos. 32-33**: Annora reiterated its request that Azurity confirm that no related entity or representative of Azurity, such as NovaQuest or its counsel, exchanged any information or correspondence with Silvergate related to the Asserted or Related Patents or litigations involving them. We await your response.

**Req. No. 51**: Azurity confirmed it would inform Annora whether it intends to preserve the right to make any arguments, such as in support of damages or an injunction, that are based in any way on any products sold by or on behalf of Azurity other than Epaned. If so, Annora will seek to enforce this request. If not, Annora will withdraw this request.

**Req. No. 52**: Annora explained that it is seeking documents related to the decision to develop a ready-to-use enalapril product, including any assessment of the market/business case for such a product. Azurity indicated it would further consider this request based on this clarification.

**Req. No. 53**: Annora reiterated that it is seeking documents concerning the promotion, marketing, detailing, and advertisement of Epaned, and that it is unclear whether Azurity is refusing to produce any such documents. Azurity will confirm its position.

**Req. No. 54**: Annora reiterated that it is seeking documents concerning the analysis and strategy related to pricing of Epaned (in addition to the actual pricing of Epaned). Azurity will confirm its position.

**Req. Nos. 62, 74**: The parties are at an impasse with respect to the Amneal Supply Agreement. Azurity will confirm whether there are any other documents responsive to this request.

**Req. Nos. 63-65, 68**: Azutity will confirm whether it has any agreements other than its agreements with Amneal that fall within the three categories of agreements set forth in our July 19 letter.

**Req. No. 66**: Azurity disputes the relevance of this information, but will further consider and let Annora know whether the parties are at an impasse.

**Req. Nos. 69-72**:  Azurity agreed to consider producing the requested documents related to the AG product and provide its final position.

**Req. No. 75**:  Annora explained that it is seeking documents concerning any valuations of the Asserted or Related Patents, as well as any valuations of the launch of an AG (or impact of an AG product on sales of Epaned).  Azurity will provide its final position on this request.

**Req. No. 76**:  Azurity disputes the relevance of this information, but will further consider and let Annora know whether the parties are at an impasse.

**Interrogatory No. 7 and 8**:  Azurity suggested that the dispute whether the authorized generic product is an acceptable non-infringing product is the subject of expert discovery and so would not agree to explain its basis for arguing that the Amneal AG product is not an acceptable non-infringing alternative to Epaned.  Annora asked what expert analysis could support that position in view of the AB-rating and associated automatic interchange of the products.  Please let us know whether Azurity will supplement its response or whether the parties are at an impasse.

In addition, the parties agreed to a reciprocal production of the following:

- Market analyses and projections
- Financial analyses and projections
- Proposed/offered and actual purchase orders, sales, and agreements of Epaned/enalapril oral solution
- Communications with customers of Epaned/enalapril oral solution
- Documents concerning the distribution channels of Epaned/enalapril oral solution
- Documents sufficient to show actual/projected costs
- Physician feedback concerning Epaned/enalapril oral solution

Best regards,

Todd Werner

AVANTECH LAW
werner@avantechlaw.com
LinkedIn | Bio

*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any

copies of this email and any attachments thereto.