# EXHIBIT 11

| | |
|---|---|
| **From:** | Kaufman, Granville |
| **To:** | Todd Werner; Nicholas Talarowski; Steve Brauerman; William Woodford; Ronald Golden |
| **Cc:** | Dellinger, Megan E.; WSGR - Silvergate - Annora RTU Epaned |
| **Subject:** | RE: Azurity v Annora et al: Missing Damages Production |
| **Date:** | Tuesday, November 15, 2022 5:53:11 PM |

Hi Todd,

Azurity disputes Annora's characterization of Azurity's production.

First, the parties did not agree to produce emails. Indeed, the purpose of this production was to produce documents relating to ***damages***. Azurity did so. Nevertheless, Azurity recognizes that you are incorrect, and Azurity has produced emails with customers. *See, e.g.*, SLVGT-RTU-EPA_00103017.

Second, Azurity produced documents—***to the extent they existed***—consistent with these categories:

- Market analyses and projections (*e.g.* SLVGT-RTU-EPA_00105661; SLVGT-RTU-EPA_00105662; SLVGT-RTU-EPA_00108996)
- Financial analyses and projections (*e.g.* SLVGT-RTU-EPA_00118143; SLVGT-RTU-EPA_00118175; SLVGT-ETU-EPA_00105663)
- Proposed/offered and actual purchase orders, sales, and agreements of Epaned/enalapril oral solution (*e.g.*, SLVGT-RTU-EPA_00118210)
- Communications with actual/prospective customers of Epaned/enalapril oral solution (*e.g.* SLVGT-RTU-EPA_00103017)
- Documents concerning the distribution channels of Epaned/enalapril oral solution (*e.g.* SLVGT-RTU-EPA_00118209)
- Documents sufficient to show actual/projected costs (*e.g.* SLVGT-RTU-EPA_00118207)

Many of these documents have data going back to 2016 or earlier. It is thus unclear what Annora's issue is other than that the Azurity's production was not as voluminous as Annora anticipated it would be. This is not a deficiency.

With regards to purchase orders, Azurity does not keep separate purchase orders forms. Thus, SLVGT-RTU-EPA_00118210 presents a summary of this information. With regards to feedback, other than that previously produced, no additional feedback was located after a reasonable search. *See, e.g.*, SLVGT-RTU-EPA_0097311.

Third, as stated, Azurity has produced documents relating to sales of other products, advertising, and pricing. If there is some specific sub-category that Annora believes is missing or that Annora wants, please let us know and we can discuss further.

Fourth, Azurity is confused by Annora's fourth point below. Azurity performed a reasonable search and produced relevant documents relating to damages. Azurity will supplement its production to the extent necessary. Annora, on the other hand, waited for months before dumping thousands of

pages of documents—many unrelated to Epaned® or Annora's/Camber's ANDA Product, as previously raised in our 10/24/2022 correspondence—on Azurity to review with a fast approaching fact-discovery deadline.

Finally, with regards to the (1) Amneal Supply Agreement, (2) analyses relating to the launch of the Amneal AG,  and (3) materials from other cases,  Azurity has sent further correspondence to ask the other parties if their position has changed since we last asked. Azurity requests that Annora not approach the court with these issues until after Friday, November 18 to allow the other defendants time to respond.

With regards to (4) agreements relating to products which are not ready-to-use enalapril liquid drug products, the parties are at an impasse because those products are subject to different patents, are differentially situated, and are irrelevant to the present case.

With regards to (5) correspondence between Azurity and CoreRx and (6) valuations of CoreRx, we are at an impasse because those requests seek information which are not relevant to any parties' claims or defenses.

With regards to (7) interrogatories 7 and 8, Azurity disputes that the parties are at an impasse. As stated, Azurity is willing to supplement its responses to Interrogatory Nos. 7 & 8. As I have stated numerous times, if Annora wishes to discuss a date where Azurity and Annora will each provide supplemental interrogatory responses, Azurity will consider such a request. Otherwise, Azurity will supplement in due course.

To the extent Annora wishes to meet and confer on these issues, please also be prepared to discuss the issues raised in my 11/1/2022 letter.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Friday, October 28, 2022 2:04 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski
<NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William
Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned
<silvergate-annora@wsgr.com>
**Subject:** RE: Azurity v Annora et al: Missing Damages Production

EXT - werner@avantechlaw.com

---

Granville:

We have reviewed Azurity's purported damages documents production (comprising a total of 12 documents) and it is obviously incomplete.

First, Azurity did not produce a single email.

Second, Azurity agreed to produce the following documents:

- Market analyses and projections (which would include the impact of other products on market for Epaned) (Req. Nos. 48, 50, 67, 73)
- Financial analyses and projections (which would include the impact of other products on pricing and revenues for Epaned) (Req. Nos. 49, 50, 55, 56, 73)
- Proposed/offered and actual purchase orders, sales, and agreements of Epaned/enalapril oral solution (Req. No. 57)
- Communications with actual/prospective customers of Epaned/enalapril oral solution (Req. No. 58)
- Documents concerning the distribution channels of Epaned/enalapril oral solution (Req. No. 59)
- Documents sufficient to show actual/projected costs (Req. No. 60)
- Physician feedback concerning Epaned/enalapril oral solution (Req. No. 77)

But Azurity has not produced any proposed or actual purchase orders/sales agreements, communications with Epaned customers, documents showing actual/projected costs, or documents concerning physician feedback.  And it has produced only a very small handful of market analyses and projections and financial analyses and projections.

Azurity also failed to produce the following documents it already agree to produce:

- Documents concerning other Azurity products Azurity contends have suffered reduced sales as a result of the alleged infringement (Req. No. 51)
- Documents concerning marketing, detailing, and advertising of Epaned (Req. No. 53)
- Documents concerning pricing strategy (Req. No. 54)

Fourth, Azurity's reliance on earlier productions that preceded the document requests at issue indicates that Azurity has not (outside of 12 documents) collected or produced *any* documents from the months preceding the launch of Annora's or during any period of time in which the alleged infringement occurred.

Please provide your availability for a meet and confer on Monday to discuss (1) why Azurity has not produced these documents, (2) when Azurity will produce these documents, and (3) whether Azurity's production will include all such documents through a cutoff date of September 1, 2022.  (As previously discussed, the parties can negotiate the supplemental production of certain categories of documents from after this date.)

As already discussed, the parties are at an impasse with respect to the following issues and we plan to circulate a letter to initiate the Court's informal discovery process to address them:

- All agreements with Amneal related to Azurity's settlement with Amneal, including the Supply Agreement, and all correspondence related to those agreements, including the timing of the launch of the AG product (RFP Nos. 20, 68, 69, 71, 72, 74)
- Analysis of the impact of the launch of an AG product on the market for Epaned/RTU enalapril (RFP No. 70)
- Azurity's interrogatory responses (and, if separately served, infringement and invalidity contentions), Azurity's expert reports, Azurity's fact and expert declarations (and associated exhibits), and trial transcripts (and associated exhibits) from the Amneal litigation and, where applicable, the Aurobindo litigation (Req. Nos. 18, 19, 44-46) (which documents Defendants have agreed to maintain on an outside counsel only basis and use only for purposes of litigation involving Azurity's patents related to Epaned)
- Agreements or arrangements reflecting a royalty rate for any patents or trade secrets reasonably comparable to the claimed inventions or for any products that are reformulations of earlier products (64, 65)
- Correspondence between Azurity and CoreRx (Bionpharma's supplier) concerning enalapril (RFP No. 66)
- Valuations of CoreRx (RFP No. 76)
- An explanation of why the Amneal AG product and the Bionpharma enalapril product are not acceptable non-infringing alternatives, including the identification of supporting evidence (Interr. 7 and 8)

**Todd Werner**

≽ AVANTECH LAW
werner@avantechlaw.com
LinkedIn | Bio

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Monday, October 24, 2022 6:11 PM
**To:** Todd Werner <werner@avantechlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity v Annora et al: Missing Damages Production

Counsel,

Addressing your concerns in turn:

1. With regards to the status of Azurity's production, Azurity produced a targeted set of documents specifically tailored to the parties' reciprocal agreement and Annora's requests.

This production is in addition to the damages related documents Azurity has previously produced throughout the case (*e.g.* documents produce during and around the P.I. hearing). Additionally, Azurity's production stands in stark contrast to Annora's production, which consisted of mostly irrelevant, heavily redacted, and duplicitous documents that are still under review. If Annora has particular concerns other than Azurity's production was not voluminous enough, we are happy to discuss.  As previously discussed, Azurity expects both sides will supplement their productions with documents that do not yet exist up to trial.

2.  Azurity has received permission from Bionpharma and Amneal to produce documents subject to certain conditions. Azurity has been and is in the process of reviewing and preparing such documents for production. They will be produced when they are ready.

3.  With regards to RFP No. 51, Azurity has produced documents responsive to this request in its latest round of production. Please let us know if you would like to discuss further.

Finally, we note a potential issue with Annora's production. There is a subset of documents which appear to not relate to enalapril drug formulations at all and a significantly larger subset of documents which contain unredacted information relating to other, non-enalapril drugs. Please confirm that Annora produced the correct set of documents with the correct set of redactions.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Friday, October 21, 2022 3:19 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity v Annora et al: Missing Damages Production

EXT - werner@avantechlaw.com

---

Counsel:

We await your response.

Todd Werner

AVANTECH LAW
werner@avantechlaw.com

LinkedIn | Bio

---

**From:** Todd Werner
**Sent:** Tuesday, October 18, 2022 2:09 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** Azurity v Annora et al: Missing Damages Production

Counsel:

As you know the deadline for the production of damages documents was yesterday. First, it appears Azurity produced only 188 pages of documents. In addition, we have been waiting for the production of various categories of liability-related documents for many months.  Please promptly explain the status of Azurity's document production, including (1) whether Azurity considers its production of damages documents to be complete, and if not, when it expects to complete its production, (2) when Azurity will complete its production of unredacted documents from each of the Bionpharma and Amneal matters concerning both invalidity and infringement, and (3) when Azurity will complete its production of documents responsive to Req. Nos. 51.

Best regards,

**Todd Werner**



werner@avantechlaw.com
LinkedIn | Bio

*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

This email and any attachments thereto may contain private, confidential, and privileged

material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.