# EXHIBIT 24

| | |
|---|---|
| **From:** | Todd Werner |
| **To:** | Kaufman, Granville; Nicholas Talarowski; Steve Brauerman; William Woodford; Ronald Golden |
| **Cc:** | Dellinger, Megan E.; WSGR - Silvergate - Annora RTU Epaned |
| **Subject:** | RE: Azurity/Annora - 12/19/2022 Meet and Confer |
| **Date:** | Wednesday, December 21, 2022 5:25:00 PM |

Counsel:

Under the circumstances, we believe the only way Defendants can agree to the January 6 production deadline and the parties can maintain the current trial date is to further streamline the disputes and discovery as follows:

- Azurity agrees to drop its motion to strike unclean hands and preclude discovery related thereto
- The parties agree to pursue no more than 2 fact depositions beyond those witnesses designated to address Rule 30(b)(6) topics and identified in Rule 26(a) disclosures
- Defendants agree to your proposal that all fact depositions be conducted remotely (neither defending nor noticing party may be in same location as witness)

As for the length of the fact discovery extension, it is not realistic to complete discovery in 3 weeks and such a deadline would prejudice Defendants who should have received damages documents months ago under the Scheduling Order. A revised schedule that serves to offset some of this prejudice (but still needs to be viewed by our client) is proposed below. As for the NovaQuest and CoreRx subpoenas, Defendants do not agree to withdraw them. If your statements during our call on Monday were correct, those subpoenas should not impose any undue burden as those parties can simply confirm that the responsive information they possess is either very limited or nonexistent. But as we explained, most of the requests are highly relevant to Azurity's claim for lost profit damages. As part of this proposal, Defendants could agree that barring any unforeseen developments in discovery (i.e. absent good cause) they will not serve any additional subpoenas on "investors" in Azurity other than NovaQuest (and any related entities, such as the QHP Capital entity we were just informed about by counsel for NovaQuest).

As for stability data, we are looking into the status of those efforts and will revert. We also believe all FDA correspondence has already been produced, but will let you know if we learn otherwise. Finally, we confirm that defendants' discovery responses reflect information available to both defendants.

**Todd Werner**

**> AVANTECH LAW**
werner@avantechlaw.com
LinkedIn | Bio

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Monday, December 19, 2022 10:52 PM
**To:** Todd Werner <werner@avantechlaw.com>; Nicholas Talarowski

<NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** Azurity/Annora - 12/19/2022 Meet and Confer

Counsel,

I write to follow up on today's meet and confer.

Regarding the documents that Azurity anticipates producing, as discussed, we are working diligently on that production and we anticipate producing on January 6, 2023.

Regarding the schedule, we propose the below.  We are open to a later deadline for fact discovery if defendants will (1) agree that the trial date does not change; and (2) agree that they will not use any extension of fact discovery to serve further subpoenas on investor(s) in Azurity and withdraw its subpoenas to NovaQuest and CoreRx.

| Event | Current Date | Azurity's Proposed Date | Defendants' Proposed Date |
|---|---|---|---|
| Azurity Damages Documents | October 17, 2022 | | January 6, 2023 |
| Close of Fact Discovery | January 13, 2023 | February 3, 2023 | February 17, 2023 |
| Opening Expert Reports | February 3, 2023 | February 23, 2023 | March 10, 2023 |
| Rebuttal Expert Reports | February 23, 2023 | March 17, 2023 | March 31, 2023 |
| Close of Expert Discovery | March 17, 2023 | April 7, 2023 | April 21, 2023 |
| Opening Dauberts/Case-Dispositive Motions | April 7, 2023 | May 19, 2023 | May 12, 2023 |
| Responsive Dauberts/Case-Dispositive Motions | May 19, 2023 | June 16, 2023 | June 2, 2023 |
| Reply Dauberts/Case-Dispositive Motions | June 16, 2023 | June 30, 2023 | June 16, 2023 |
| Pre-trial Order Due | June 30, 2023 | July 7, 2023 | July 7, 2023 |
| Voir Dire, Jury Instructions, and Verdict Forms Due | July 7, 2023 | No Change | No change |
| Final Pretrial Conference | July 14, 2023 | No Change | No change |
| Trial | July 24, 2023 | No Change | No change |

Regarding Annora's stability data, we understand from our meet and confer that defendants do not have possession, custody, or control over any stability data for Annora's ANDA product beyond 12 months (regardless of whether it was submitted to FDA).  Please confirm this understanding is correct, and if it is not, please explain.  Please also confirm that Annora has produced all

correspondence to/from FDA regarding Annora's ANDA and/or ANDA product. Finally, please confirm that, to the extent either stability data or FDA correspondence exist or become available prior to trial, they will be immediately produced.

Finally, Azurity has asked a number of times for confirmation that all of defendants' discovery responses encompass knowledge and documents in the possession, custody, and control of both Annora and Camber. Please confirm.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.