# EXHIBIT 28

| | |
|---|---|
| **From:** | Kaufman, Granville |
| **To:** | Todd Werner; Nicholas Talarowski; Steve Brauerman; William Woodford; Ronald Golden |
| **Cc:** | Dellinger, Megan E.; WSGR - Silvergate - Annora RTU Epaned |
| **Subject:** | RE: Azurity/Annora - 12/19/2022 Meet and Confer |
| **Date:** | Wednesday, December 28, 2022 4:34:20 PM |

Hi Todd,

With regards to the January 6th date, we are doing everything we can to produce the documents we stated we will produce on January 6th. As of now, we have encountered some technical issues we are working as quickly as possible to resolve related to how the documents were delivered to the vendor. Some circumstances are out of our control, such as the holiday week happening where many offices (vendors or clients) are either shut down or employees are taking vacations such that we are working with limited resources. Thus, if we determine that we cannot make the January 6th date (and we have no so yet made such a determination), we will let you know and can discuss at that time.

We also expect defendants to produce any outstanding documents by that date. Azurity has been seeking confirmation that Defendants have produced all license agreements as well as confirmation relating to the 24 month stability data. For at least the stability documents, based on your email below, production by January 6, 2023 does not sound like that will pose any issues. We note that we did find one raw data point for an 18M stability testing in the prior production. ANNENAL00006041. This seems to suggest that Defendants' prior statement that no testing was done on the samples past the 12M time point is incorrect. Please reconfirm that any stability testing that was done, whether or not such testing was sent to FDA, will be produced as soon as possible as well as all outstanding license agreements. Additionally, Azurity expects defendants to produce 10 samples (or at least have 10 samples ready for shipment) by January 6, 2023.

Please confirm that this resolves all issues vis-à-vis the schedule and Azurity will circulate a draft stip.

With regards to depositions, we are amenable to considering a limit for depositions but believe that committing to just 2 individual depositions beyond the people named in the initial disclosures/designated as 30(b)(6) witnesses is too limited at this time. In particular, we note that Azurity has already included more people on its initial disclosures and therefore we believe an overall number of depositions is proper. However, the parties can streamline the amount of depositions later in January when all fact discovery is complete and when the scope of the case —*e.g.* the outstanding issues relating to unclean hands discovery—is determined.

Our last sentence is a common occurrence in litigation. We will not withdraw a subpoena unless Defendants represent that they will not bring that person to testify at trial. Of course, if Annora has determined that it will not bring certain individuals to trial, please let us know. We will not give up an opportunity to conduct discovery and gather testimony if there is a chance that such individual may be called to testify at trial.

With regards to the correspondence with third parties, Azurity and defendants are differently situated. Defendants sought third-party correspondence with other defendants who are not being

deposed or subpoenaed in this case. Azurity seeks correspondence with parties that defendants have sent subpoenas to about the substance of those subpoenas. Azurity will not change its prior position and will, if necessary, reach out to the third parties and ask them to include us on all subsequent correspondence about the subpoenas.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Wednesday, December 28, 2022 1:11 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

EXT   werner@avantechlaw.com

---

Counsel:

We await your response to the email below.

**Todd Werner**

**> AVANTECH LAW**
werner@avantechlaw.com
LinkedIn | Bio

**From:** Todd Werner
**Sent:** Friday, December 23, 2022 1:08 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

Granville:

1. Schedule:  As we have repeatedly explained, we need a firm commitment on the January 6 date.  It's not clear what you mean when you state that Defendants will produce "all

outstanding documents" other than the categories you mentioned. Subject to client confirmation (which I don't expect to be an issue), Defendants can agree to produce additional stability documents, if any exist, by January 6.

2. Depositions: As we explained, the abbreviated period for discovery requires some streamlining. We proposed no more than 2 individual depositions beyond the people named in initial disclosures or designated as corporate witnesses for a 30(b)(6) deposition. Could you please explain why you believe 7 witnesses is appropriate? Also, we do not understand your last sentence concerning withdrawal of witnesses. The parties can hash out issues related to depositions of 26(a) individuals as discovery progresses (e.g. where a party decides it could forego a 30(b)(1) deposition if the other side agrees to remove that individuals from their initial disclosures).

3. Please confirm whether Azurity has reconsidered its position about production of correspondence with third parties.

**Todd Werner**

**▷ AVANTECH LAW**
werner@avantechlaw.com
LinkedIn | Bio

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Thursday, December 22, 2022 6:57 PM
**To:** Todd Werner <werner@avantechlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

Todd,

We agree the parties should focus on the schedule. We are working towards a January 6 production deadline for damages documents. Please confirm that Defendants will likewise product all outstanding documents (including, but not limited to, any stability documents and all FDA correspondence) by January 6. To the extent that any stability documents and/or FDA correspondence are generated after January 6, please confirm that Defendants will promptly produce them.

With respect to limiting the number of depositions, we believe the parties should discuss further towards the end of fact discovery, but may be amenable to limiting the number of depositions to 7 per side. Additionally, we will need agreement that any deponents noticed but not deposed will not testify at trial, and that the agreement is subject to the testifying witnesses providing adequate testimony.

Finally, while Azurity is amenable to moving the close of fact discovery to allow for document production, resolving current disputes, and depositions, the time for service of written discovery pursuant to Fed. R. Civ. P. 33, 34, and 36 has passed. Azurity is not willing to reopen the time for service of additional written discovery.

If Defendants are amenable to these conditions, we can agree to the dates set forth in your proposal below and will draft a stipulation to the Court.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Thursday, December 22, 2022 1:03 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

EXT - werner@avantechlaw.com

---

Granville:

Defendants will not drop the subpoenas or their unclean hands defense. Setting aside the dispute over the unclean hands defense, as we have already explained, the subpoenas are not limited to that issue. They also seek information directly responsive to Azurity's contention that the Bionpharma product would not have captured some (or all) of Annora's sales. The information is also relevant to the reasonable royalty analysis. This is one of the numerous reasons we are unclear how Azurity's motion for a protective order could possibly be framed as "motion to strike." That entire dispute is about the propriety of discovery (concerning both damages and unclean hands), and also directly related to issues Defendants had appropriately addressed through the discovery dispute process only to have Azurity completely ignore that process. In any event, any schedule that would require Defendants to drop the subpoenas or their unclean hands defense is a nonstarter.

With respect to your demand for "immediate" production of documents you have never before requested, we direct you to your September 20 email where you refused to produce Azurity's correspondence with third parties. In that email you stated, "With regards to communications with other defendants, Annora has not propounded a request for production for such communications and thus Azurity will not produce them. In any event, Amneal and Alkem have both stated that they

oppose production of their confidential materials." We can consider your new request in the event you agree to change your own position on the issue and produce the third-party correspondence we asked for many months ago.

With respect to the schedule, please confirm that a January 6 production deadline for damages documents is acceptable. We have discussed that specific issue for weeks and, if we do not have an agreement on that date we will include that in the letter we file with the Court. As for the remaining scheduling issues, the parties are clearly not going to resolve their disagreements about unclean hands and subpoenas. Please identify any other concerns you have with Defendants' proposal.

**Todd Werner**



werner@avantechlaw.com
LinkedIn | Bio

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Thursday, December 22, 2022 10:57 AM
**To:** Todd Werner <werner@avantechlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

Counsel:

Azurity will not agree to drop its motion to strike unless Defendants moot the issue. Defendants' unpled defenses are not in the case and the related discovery is inappropriate. If Defendants withdraw their unclean hands interrogatory response, their unclean hands discovery, and their third-party subpoenas on NovaQuest and CoreRx, Azurity will withdraw the motion and the parties can further discuss Defendants' proposed schedule.

Relatedly, your email indicates that you were in contact with third-parties regarding these subpoenas. Please provide all such correspondence immediately.

Regarding the schedule, Defendants proposed dates could be agreeable to Azurity; however, Defendants' ancillary conditions are unacceptable unless Defendants withdraw the unclean hands defenses and discovery. If Defendants agree to withdraw the interrogatory response related to the unpled defenses and accompanying discovery, Azurity is amenable to discussing your other proposals.

Finally, thank you for looking into the stability data and the FDA correspondence. Please let us know the status of those documents (*i.e.* if they exist and when they will be produced if they exist) as soon as possible. Additionally, thank you for confirming that the discovery responses reflect information

available to both defendants. And, finally, thank you for agreeing that the fact depositions will be taken remotely.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com | www.wsgr.com

---

**From:** Todd Werner <werner@avantechlaw.com>
**Sent:** Wednesday, December 21, 2022 3:26 PM
**To:** Kaufman, Granville <gkaufman@wsgr.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** RE: Azurity/Annora - 12/19/2022 Meet and Confer

EXT - werner@avantechlaw.com

---

Counsel:

Under the circumstances, we believe the only way Defendants can agree to the January 6 production deadline and the parties can maintain the current trial date is to further streamline the disputes and discovery as follows:

- Azurity agrees to drop its motion to strike unclean hands and preclude discovery related thereto
- The parties agree to pursue no more than 2 fact depositions beyond those witnesses designated to address Rule 30(b)(6) topics and identified in Rule 26(a) disclosures
- Defendants agree to your proposal that all fact depositions be conducted remotely (neither defending nor noticing party may be in same location as witness)

As for the length of the fact discovery extension, it is not realistic to complete discovery in 3 weeks and such a deadline would prejudice Defendants who should have received damages documents months ago under the Scheduling Order. A revised schedule that serves to offset some of this prejudice (but still needs to be viewed by our client) is proposed below. As for the NovaQuest and CoreRx subpoenas, Defendants do not agree to withdraw them. If your statements during our call on Monday were correct, those subpoenas should not impose any undue burden as those parties can simply confirm that the responsive information they possess is either very limited or nonexistent. But as we explained, most of the requests are highly relevant to Azurity's claim for lost profit damages. As part of this proposal, Defendants could agree that barring any unforeseen developments in discovery (i.e. absent good cause) they will not serve any additional subpoenas on "investors" in Azurity other than NovaQuest (and any related entities, such as the QHP Capital entity

we were just informed about by counsel for NovaQuest).

As for stability data, we are looking into the status of those efforts and will revert. We also believe all FDA correspondence has already been produced, but will let you know if we learn otherwise. Finally, we confirm that defendants' discovery responses reflect information available to both defendants.

Todd Werner



werner@avantechlaw.com
LinkedIn | Bio

---

**From:** Kaufman, Granville <gkaufman@wsgr.com>
**Sent:** Monday, December 19, 2022 10:52 PM
**To:** Todd Werner <werner@avantechlaw.com>; Nicholas Talarowski <NTalarowski@bayardlaw.com>; Steve Brauerman <SBrauerman@bayardlaw.com>; William Woodford <woodford@avantechlaw.com>; Ronald Golden <rgolden@bayardlaw.com>
**Cc:** Dellinger, Megan E. <mdellinger@morrisnichols.com>; WSGR - Silvergate - Annora RTU Epaned <silvergate-annora@wsgr.com>
**Subject:** Azurity/Annora - 12/19/2022 Meet and Confer

Counsel,

I write to follow up on today's meet and confer.

Regarding the documents that Azurity anticipates producing, as discussed, we are working diligently on that production and we anticipate producing on January 6, 2023.

Regarding the schedule, we propose the below. We are open to a later deadline for fact discovery if defendants will (1) agree that the trial date does not change; and (2) agree that they will not use any extension of fact discovery to serve further subpoenas on investor(s) in Azurity and withdraw its subpoenas to NovaQuest and CoreRx.

| Event | Current Date | Azurity's Proposed Date | Defendants' Proposed Date |
| --- | --- | --- | --- |
| Azurity Damages Documents | October 17, 2022 | | January 6, 2023 |
| Close of Fact Discovery | January 13, 2023 | February 3, 2023 | February 17, 2023 |
| Opening Expert Reports | February 3, 2023 | February 23, 2023 | March 10, 2023 |
| Rebuttal Expert Reports | February 23, 2023 | March 17, 2023 | March 31, 2023 |
| Close of Expert Discovery | March 17, 2023 | April 7, 2023 | April 21, 2023 |
| Opening Dauberts/Case-Dispositive Motions | April 7, 2023 | May 19, 2023 | May 12, 2023 |

| | | | |
|---|---|---|---|
| Responsive Dauberts/Case-Dispositive Motions | May 19, 2023 | June 16, 2023 | June 2, 2023 |
| Reply Dauberts/Case-Dispositive Motions | June 16, 2023 | June 30, 2023 | June 16, 2023 |
| Pre-trial Order Due | June 30, 2023 | July 7, 2023 | July 7, 2023 |
| Voir Dire, Jury Instructions, and Verdict Forms Due | July 7, 2023 | No Change | No change |
| Final Pretrial Conference | July 14, 2023 | No Change | No change |
| Trial | July 24, 2023 | No Change | No change |

Regarding Annora's stability data, we understand from our meet and confer that defendants do not have possession, custody, or control over any stability data for Annora's ANDA product beyond 12 months (regardless of whether it was submitted to FDA). Please confirm this understanding is correct, and if it is not, please explain. Please also confirm that Annora has produced all correspondence to/from FDA regarding Annora's ANDA and/or ANDA product. Finally, please confirm that, to the extent either stability data or FDA correspondence exist or become available prior to trial, they will be immediately produced.

Finally, Azurity has asked a number of times for confirmation that all of defendants' discovery responses encompass knowledge and documents in the possession, custody, and control of both Annora and Camber. Please confirm.

Regards,

**Granville Clay Kaufman| Associate | Wilson Sonsini Goodrich & Rosati, Professional Corporation**
12235 El Camino Real | San Diego, CA 92130 | T: 213-369-3593 | gkaufman@wsgr.com |
www.wsgr.com

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

*This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.*

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any

attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.**

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

**This message may contain proprietary, confidential, and privileged information. If you are not the intended recipient, please contact the sender and permanently delete all copies of this message.**

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.